IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY MALONE, | ) | CASE NO. 1:15-CV-1652 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MICHELLE MILLER, | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | (Doc. Nos. 11, 13, 15) |

This matter is before the undersigned United States Magistrate Judge pursuant to Local Rule 72.2.  Pending before the Court is Petitioner Tony Malone's "Motion to Withdraw Petition" and Supplemental Briefing in support of that motion.  (Doc. Nos.  11, 13).  Respondent Michelle Miller ("Respondent") filed a response in opposition.  (Doc. No. 15).  For the reasons that follow, the Magistrate Judge recommends that the motion to withdraw be DENIED.

**I. Background**

On August 18, 2015, Petitioner filed the instant Petition for the Writ of Habeas Corpus, challenging his convictions and sentences in Cuyahoga County Case Nos. CR-13-581218-A and CR-14-583476-A.  (Doc. No. 1).  Petitioner asserts two grounds for relief, alleging claims of ineffective assistance of counsel and violation of due process.  (*Id.*).  On November 23, 2015, Respondent filed a Return of Writ arguing that the petition should be denied based on procedural

default, and, alternatively, on the merits.  (Doc. No. 9).  On December 21, 2015, Petitioner filed his Traverse.  (Doc. No. 10).  The petition is now fully briefed.

On September 12, 2016, Petitioner filed a "Motion to Withdraw Petition," requesting that the Court allow him to withdraw his previously filed "travers [sic] on Habeas Corpus." (Doc. No. 11.)  On September 15, 2016, the Court issued an Order indicating that it was unclear from Petitioner's motion whether he intended to withdraw the entire Petition or just the Traverse.  (Doc. No. 12).  The Court accordingly ordered Petitioner to submit supplemental briefing in order to clarify his intentions no later than September 26, 2016.  (*Id.*).

Petitioner timely submitted his Supplemental Brief, requesting "leave to withdraw the entire Habeas petition without prejudice for any future filing of a true and correctly filed Petition for Habeas Corpus in the proper Court and venue." (Doc. No. 13.)  (emphasis in original).  He contends that his motion should be granted because "the original Habeas action was submitted over a year ago and may have been filed without the benefit of a lawyer assistance, it may have been filed incorrectly or lacking some important facts." (*Id.* at 1).  He further states that a new habeas petition will need to be filed anyway because he is due to be transferred to another institution in the Ohio Department of Rehabilitation and Correction.  (Doc. No. 13 at 2).

On September 28, 2016, the Court ordered Respondent to file a response to Petitioner's motion.  (Doc. No. 14).  Respondent filed a timely response in opposition, arguing that the motion should be denied because granting Petitioner's motion would result in plain legal prejudice.  (Doc. No. 15).

2

## II. Discussion

Since Respondent has filed an Return of Writ and has not stipulated to Petitioner's voluntary dismissal, Petitioner may not voluntarily dismiss by notice under Fed.R.Civ.P. 41(a)(1).  *See Peterson v. Smith*, 2010 WL 1433391, *2 (N.D.Ohio Feb.17, 2010), report and recommendation adopted, 2010 WL 1433387 (N.D. Ohio Apr.7, 2010).  Thus, Petitioner may voluntarily dismiss his Petition only by obtaining an order of the Court under Fed.R.Civ.P. 41(a)(2).  *Id.*

"Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. 2007) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).  "In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to the facing the mere prospect of a second lawsuit."  *Rosenthal*, 217 Fed. Appx. at 500 (quoting *Grover*, 33 F.3d at 718).

The Sixth Circuit has set forth four factors for a court to consider when determining whether Respondent will suffer "plain legal prejudice."  *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l*, Inc., 855 F.2d 471, 474 (7th Cir.1988)). Those factors are: (1) "defendant's effort and expense of preparation for trial"; (2) "excessive delay and diligence on the part of the plaintiff in prosecuting the action"; and (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant."  *Id.*  While courts consider these factors when assessing whether a dismissal without prejudice is warranted, "[t]he

factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal*, 217 Fed. Appx. 502 (quoting *Kovalic*, 855 F.2d at 474).

In the present case, all relevant factors weigh in favor of respondent.  Respondent has expended effort and expense in litigating this matter, having filed a Return of Writ which addresses Petitioner's claims both on the merits and on procedural default grounds.  Respondent also prepared and submitted the state court record.  While Respondent's filings are not especially voluminous or complicated compared to other habeas matters before this Court, the filings do represent a significant effort to litigate this matter to conclusion.

As for the second factor, while Petitioner has not shown any excessive delay in his prosecution of this action, he waited a considerable amount of time before filing his motion to withdraw.  The motion to withdraw was filed over eight months after he filed his traverse, and he does not explain the reason for the delay.

In addition, with respect to the third factor, Petitioner provides insufficient explanation why dismissal is necessary.  He states that he has no formal legal training, and he expresses his concern that his Petition may have been filed incorrectly.  He also explains that he may have omitted important facts.  However, he offers no indication how the petition may have been filed incorrectly, and he does not describe any facts that may have been omitted.  Further, it is not evident how dismissal would enable Petitioner to cure these purported deficiencies.  Petitioner does not represent that he intends to seek counsel in the future, and it is unclear what Petitioner intends to accomplish if his Petition were dismissed.

Petitioner also states that because he anticipates being transferred to another institution, he will be required to file a new habeas petition.  He argues, therefore, that dismissal of the

4

present action is required in any event. This argument has no merit. The rules for venue in a habeas case are established under 28 U.S.C. § 2241(d):

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Here, Petitioner was convicted and sentenced in Cuyahoga County, Ohio, which is within the Northern District of Ohio. Under the statute, venue is proper in this Court, irrespective of any transfer. Thus, the assertion that Petitioner expects to be transferred to another institution does not provide a good reason for allowing him to withdraw his Petition.

The fourth factor is whether a motion for summary judgment has been filed. One has not been filed here, but this factor is largely irrelevant as motions for summary judgment are not typically filed in habeas cases.

In sum, the balance of relevant factors weigh in favor of Respondent.

As a final consideration, the Court must "'ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law.'" *Martin v. Warden, Lebanon Corr. Inst.*, Case No. 1:12CV458, 2014 WL 1271020, at *3 (S.D. Ohio Mar. 27, 2014) (quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir.1993)). Here, Respondent correctly points out that if this matter were dismissed, Petitioner would likely fall into such a trap in the form of a limitations bar, if his case were refiled. A one-year limitations period applies to an application for the writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This matter has been pending for over a year; the pendency of a federal habeas petition does not toll the limitations period. *See*

5

*Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (Section 2244(d)(2) does "not toll the limitation period during the pendency of respondent's first federal habeas petition."). Given the likelihood that Petitioner will face a limitations hurdle should this matter be dismissed and later refiled, this factor weighs in favor of denying the motion to dismiss.

### III. Conclusion

For the reasons stated above, the undersigned Magistrate Judge recommends that Petitioner's motion to withdraw his petition be denied.

Date:  November 3, 2016                                  *s/Jonathan D. Greenberg*
                                                                                                     Jonathan D. Greenberg
                                                                                                     United States Magistrate Judge

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**