IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY MALONE, | ) | CASE NO. 1:15CV01652 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MICHELLE MILLER, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the undersigned United States Magistrate Judge pursuant to Local Rule 72.2. Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") filed by Tony Malone ("Petitioner") pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entries of sentence in Case Nos. CR-14-583476 and CR-13-581218 entered in Cuyahoga Court of Common Pleas. For the following reasons, it is recommended that the Petition be DISMISSED as procedurally defaulted.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). In this case, the state appellate court summarized the facts as they were recited by the prosecutor during Petitioner's change of plea hearing:

> On June 23, 2014, prior to imposing sentence, the court heard from the prosecutor, defense counsel, and Malone. The prosecutor provided details regarding each offense and stated that the three offenses were violent in nature. On January 8, 1994, Malone dragged L.B. behind a building at 3:45 a.m., threatened her with a two-by-four, and orally and vaginally raped her. On October 15, 1994, Malone approached A.D. with a knife and orally and vaginally raped her. On May 14, 1995, Malone approached P.L. with a razor blade, forced her into a car where he and another male raped her orally, vaginally, and anally. Malone then dropped P.L. off in a place that was unfamiliar to her, and she had to hitchhike back home. The prosecutor noted that because the three victims sought medical attention and rape kits were collected, the state was able to identify Malone as the perpetrator many years later. The prosecutor also stated that Malone has refused to provide the identity of the other male perpetrator.

*State v. Malone*, 2015-Ohio-1379, ¶5, 2015 WL 1593228 (Ohio Ct. App. April 9, 2015). Petitioner does not rebut this description of the underlying facts.

## II. Procedural History

### A.     Trial Court Proceedings

On December 26, 2013, a Cuyahoga County Grand Jury indicted Petitioner on two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (counts 1 and 2) and one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) (count 3) in relation to the January 8, 1994 incident involving victim L.B. (Exhibit 1, Case No. CR-13-581218-A). In a second indictment, Petitioner was charged with eleven counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (counts 1, 2, 4-9, 11-13); three counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) (count 3, 10, 17); and three counts of complicity to commit rape in violation of Ohio Rev. Code § 2923.03(A)(2) (counts 14-16). The second indictment related to the October 15, 1994 and May 14, 1995 incidents involving victims A.D. and P.I., respectively.

(Exhibit 2, Case No. CR-14-583476-A). The cases were consolidated on motion of Petitioner. (Exhibit 5, Doc. No. 9-1 at 14).

On May 27, 2014, pursuant to a plea agreement, Petitioner pled guilty to one count of rape in Case No. CR-13-581218. (Exhibit 6, Doc. 9-1 at 16). Petitioner also pled guilty to two counts of sexual battery (counts 4 and 12, as amended) in Case No. CR-14-583476. (Exhibit 7, Doc. 9-1 at 17). The trial court conducted a sentencing hearing on June 23, 2013, and Petitioner was sentenced to 10 to 25 years for rape and 24 months for each sexual battery, all counts to be served concurrently. (Exhibits 8-9, Doc. No. 9-1 at 18-21). Petitioner was adjudicated a sexual predator. (Exhibit 10, Doc. 9-1 at 22).

### B. Direct Appeals

Petitioner, through counsel, filed a direct appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (Exhibits 11, 12, Doc. 9-1 at 24-39). He raised two assignments of error relating to his sexual predator classification only:

I. The trial court erred by classifying Tony Malone a sexual predator as it was against the manifest weight of the evidence.

II. By classifying Tony Malone as a sexual predator, the court violated his due process.

(Exhibit 15, Doc. 9-1 at 46). The state filed a brief in response. On April 9, 2015, the state appellate court affirmed the trial court's judgment. (Exhibit 17, Doc. No. 9-1 at 78).

On May 15, 2015, Petitioner submitted an appeal for filing in the Supreme Court of Ohio. (Exhibit 18, Doc No. 9-1 at 91). However, on May 18, 2017, the clerk's office for the Ohio Supreme Court returned Petitioner's documents to him, with the explanation that the documents could not be filed because Petitioner did not comply with Rule 7.02 of the Rules of Practice of the Supreme Court of Ohio. (Exhibit 18, Doc. No. 9-1 at 89). Specifically, Petitioner had failed

-3-

to attach the state appellate court decision to the memorandum in support of jurisdiction. (*Id.*).

Petitioner never perfected an appeal to the Supreme Court of Ohio.

### C. Federal Habeas Petition

On August 8, 2015,[1] Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: Art I section 10 note 13. Effective Counsel comity to Sixth Amend. U.S. Const.; Ohio Rules of Professional Conduct allows the II. Counselor Rule 2.1:Advisor[1]; [2]; [3] ; [4] In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations, such as moral, economic, social, and political factors, that may be relevant to the client's situation. Attorney at law failed to provide candid representation as advice would have gotten the client to plea with no hearing and sentence outside the plea. The failure to have the proper form of plea to the client disallows proper counseling and representation with for effective procedure of law. The law holds that the representation must be equal to the learnt diligent prosecution and have knowledge beyond the laymen experience or student of American History as the basis of law is dependent upon it to establish precedents of law. Effective Counsel denied due process by representation in allowing without objection the court to ramble and sentence beyond and outside the underlying statement required by the Plea Procedure and duties as Effective Counsel. The court with proper notice may have render its opinion to be that as of the underlying statement of the plea.
>
> **Supporting Facts:** The client was informed the court has accepted the plea in the original format of the plea and that the plea was not to be beyond twenty four months incarceration and twenty four months to be concurrent to no other sentence as the other allegation was not conducive with the law of the warrant for arrest. That the plea would disallow a sentence based upon the submit evidence except to review if requested by the Office of the Prosecution and the Effective Counsel as the acceptance by the court was sufficient for sentencing only. The signed documents are lost and the arguments confuse the duty of the court.

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until August 18, 2015, Petitioner states that he placed it in the prison mailing system on August 8, 2015. (Doc. No. 1 at 13). Thus, the Court will consider the Petition as filed on August 8, 2015.

-4-

> **GROUND TWO:** Art II section 10 note 34. Due Process of law is thwarted in the plea process not being stable bythe acceptance of the plea by the court as instructed by Negotiated Plea Procedure of the Ohio Revise Code Criminal Law Handbook 2014.The plea with signed document allowed the evidence was submitted and accepted to be enough for plea of twenty four months to twenty four months and no other sentence as the Limitation of Sentence tolling for twenty years was not applicable to the Plaintiff. The court at sentencing refused to abide by the plea and began a fact and finding of law for sentencing upon the Ohio Revise Code of the Criminal Rule Handbook of 2014. In the plea hearing the court held a trial before the Judge against the plea procedure for the underlying statement to be the merit for sentencing without other considerations as the plea is based upon the statement of agreement for sentence without trial or facts of findings. The court by statement, "the court finds cause to sentence by 2929.11," denied the plea and lost the procedure and cause violation of due process of Law. The court sentence beyond the plea. The Federal use of the plea is the Criminal Procedure 11(e) with the document present with an allowance for the court to state the plea is not accepted and the Defendant is innocent. The court minus the comity privilege denied the process to follow the comity by the plea procedure of 11 of the Ohio Criminal Hand book. The State comity is Criminal Procedure 11(G).
>
> **Supporting Facts:** The supporting facts is the document for the underlying statement is not quoted or found for the plea to be a fact before the court. The Office of the Prosecutor has not establish any criminal act in the specification of the allegation in the time requested of the court to establish a sentence outside of the plea for the court to issue. The office of the Prosecutor has no Discovery for the Plea as the sentencing hearing is devoid of the need to present one. The hearing is without any forms to state the record of plea were to be with evidence and discovery before the court.

(Doc. No. 1).

On November 23, 2015, Warden Michelle Miller ("Respondent") filed her Return of Writ. (Doc. No. 9). Petitioner filed a Traverse on December 21, 2015. (Doc. No. 10).

### III. DISCUSSION

For the reasons discussed below, the Court concludes that Petitioner's claims for relief are procedurally defaulted. And because Petitioner fails to demonstrate cause and prejudice for the default, his claims are unreviewable.

**A. Procedural Default**

Based on a liberal construction of the Petition,[2] the Court interprets Petitioner's first ground for relief to be a claim that trial counsel was ineffective by failing to properly advise Petitioner in relation to plea proceedings generally and by failing to object to the trial court's imposition of a sentence greater than 24 months which Petitioner believed to be the maximum under the plea agreement. Petitioner's second ground for relief is construed as a claim that his due process rights were violated when the trial court imposed a sentence beyond the alleged maximum under the plea agreement.

Federal habeas review is available only after a habeas petitioner has properly exhausted his state court remedies, by fairly presenting each claim to the highest court of the state where he was convicted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans v. Brigand*, 228 F.3d. 674, 681 (6th Cir. 2000).

In this case, Petitioner did not fairly present his claims in state court. In his Petition, he asserts an ineffective assistance of counsel claim and a due process claim in relation to plea proceedings. Petitioner did not assert these grounds for relief in state court. Rather, Petitioner asserted that his classification as a sexual predator violated due process and was against the

---

[2] It is well settled that "however inartfully pleaded," allegations in a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The allegations of a *pro se* habeas petition, "though vague and conclusory, are entitled to a liberal construction." *Burris v. United States*, 430 F.2d 399, 403 (7th Cir.1970), cert. denied, 401 U.S. 921 (1971). The appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition "to encompass any allegation stating federal relief." *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976).

manifest weight of the evidence. Further, Petitioner failed to file an appeal in the Supreme Court of Ohio. At no point were the state courts called upon to answer the federal constitutional questions that the petitioner now poses. Therefore, Petitioner did not fairly present, and accordingly failed to exhaust, his habeas claims.

Where a petitioner fails to exhaust state court remedies, and remedies are no longer available at the time the federal petition is filed, the claim is is procedurally defaulted. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Here, no state court remedies remain that would allow Petitioner to present the claims he now brings. Although Petitioner might attempt a delayed appeal in the Ohio Supreme Court, it is settled that the Ohio Supreme Court "will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals." *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982), cert. denied, 460 U.S. 1042 (1983) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971)). Further, no form of relief remains in the state appellate court, because *res judicata* precludes Petitioner from raising claims that could have been raised on direct appeal. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005). Thus, with no state remedies remaining, Petitioner's habeas claims are procedurally defaulted.

### B. Cause and Prejudice

A petitioner's procedural default may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Demonstrating prejudice requires showing that the trial was infected with constitutional error."

*Id.*

Here, Petitioner does not attempt to demonstrate cause and prejudice. Further, based on a liberal construction of Petitioner's *pro se* submissions and review of the state court record, the Court discerns no basis for finding that default should be excused in this instance as there is no evidence of cause nor is it apparent that plea proceedings were "infected with constitutional error" to Petitioner's prejudice.

Petitioner's fundamental contention is that a constitutional error occurred in relation to his plea, and he argues that the trial court imposed a sentence that exceeded twenty-four (24) months, which he claims was the maximum under the plea agreement.

First, Petitioner's claim that his sentence was not to exceed 24 months is completely unsupported. Further, based on "all relevant circumstances" it is apparent that his guilty plea was a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *See Brady v. United States*, 397 U.S. 742, 748 (1970). And it is evident that Petitioner was "aware of the direct consequences of the plea" and "the maximum sentence that could be imposed." *See King v. Dutton*, 17 F.3d 151, 153–54 (6th Cir.1994). According to the state court transcript, the prosecutor described the plea agreement in detail on the record,[3] and when asked whether he understood it, Petitioner answered "yes." Then

---

[3]  As to the first indictment, the prosecutor stated "What I'm authorized to offer to Mr. Malone is one count on the earlier indictment, 581218 would be Count 2, rape. That is an aggravated felony of the first degree punishable by 5, 6, 7, 8, 9, or 10 years, up to 25 years. That would be a plea of guilty to Count 2, and then I would ask that you nolle Counts 1 and 3 of that indictment." As for the second indictment, he stated "as it pertains to the second indictment, 583476, I would ask that both Counts 4 and 12 be amended from rape to a violation of Ohio Revised Code 2907.03 (A)(1), that is a sexual battery. That's a felony of the third of the third degree at that time. Your Honor, would be punishable by a definite sentence

the court engaged in the following colloquy:

> THE COURT: . . . Do you understand if you enter a plea of guilty today you're waiving your right to a jury trial?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: The right to confront and examine witnesses?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: The right to summon and subpoena witnesses on your behalf?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: The right to have the State prove guilt beyond a reasonable doubt?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: The right not to testify at trial and no one could use that against you?
>
> THE DEFENDANT: Yes , ma'am.
>
> THE COURT: Do you also understand the Court can proceed to judgment and sentence you immediately?
>
> THE DEFENDANT: Yes, ma'am.
>
> * * *
>
> THE COURT: Also, if you were sentenced consecutively on these combined counts, you would face a definite term of 14 years up to a 25-year tail. That would be a maximum consecutive term in [Case Number] 583476 of two years on each of those counts and it would be two plus two would be four, and a maximum of the ten years in [Case Number] 581218 of the definite which would be ten plus four is 14 with a tail of 25. It doesn't mean that I'm going to do that, but I have to tell you the worst case scenario. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Have any threats or promises been made to you?

---

of 12 months, 18 months, or 24 months, each of them." (Doc. 9-2 at 6-7).

> THE DEFENDANT: No, ma'am.
>
> THE COURT: Do you understand there's no promise of a particular sentence?
>
> THE DEFENDANT: Yes, ma 'am .
>
> THE COURT: Let the record reflect the Court is satisfied that the Defendant has been informed of his Constitutional rights, he understands the nature of the charges against him, the effect of a plea , and the possible maximum penalties which may be imposed . Your pleas are found to be made knowingly, intelligently, and voluntarily.

(Doc. No. 9-2 at 5-11).

The record quoted above demonstrates that Petitioner's plea was knowing and voluntary and that he understood that there was no promise of a particular sentence. Petitioner's unsupported assertions otherwise, in the face of the undisputed record, cannot be accepted. As stated by the Sixth Circuit,

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners such as Ramos from making the precise claim that is today before us. [W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (citing *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); see also *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Given that there is no evidence that Petitioner was promised a particular sentence under the plea agreement, Petitioner's claim of constitutional error has no merit.

In sum, Petitioner fails to establish cause and actual prejudice.

## V. Conclusion

For the reasons set forth above, it is recommended that the Petition be DISMISSED as procedurally defaulted.

Date:   March 7, 2017                 *s/Jonathan D. Greenberg*
                                                     Jonathan D. Greenberg
                                                     United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**